UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA DEL ROSARIO IRAZABAL,**<br>1601 Ladue Court, APT 106<br>Woodbridge, VA 22191<br><br>And<br><br>**JULIO ANDRES IRAZABAL**,<br>1601 Ladue Court, APT 106<br>Woodbridge, VA 22191<br><br>   *Plaintiffs*,<br>v.<br><br>**CHARLES PAXTON PARET**<br>1140 3rd Street, NE<br>Second Floor,<br>Washington, DC<br><br>**201 KENNEDY STREET HOLDINGS, LLC**<br>c/o Registered Agent<br>Charles Paret<br>1140 3rd Street, NE<br>Second Floor,<br>Washington, DC 20002<br><br>**COLOMA RIVER HOLDINGS, LLC**<br>**a.k.a COLOMA RIVER CAPITAL, LLC**<br>c/o Registered Agent<br>Chapman Paret<br>1140 3rd Street, NE<br>Second Floor,<br>Washington, DC 20002<br><br>   *Defendants.* | Civil Action No. 1:21-cv-1378 |

## **COMPLAINT**

COMES NOW, Plaintiffs Maria Irazabal and Julio Andres Irazabal, by and through undersigned counsel, and hereby submits this complaint against the Defendants Charles Paret, 201 Kennedy St Holdings LLC, and Coloma River Holdings LLC and in support thereof states as follows:

## PARTIES

1. Plaintiff Maria Del Rosario Irazabal is a resident of the Commonwealth of Virginia. She is the mother of co-Plaintiff Julio Andres Irazabal, and the primary lender to the co-defendants.

2. Plaintiff Julio Andres Irazabal ("Andres Irazabal") is a resident of the Commonwealth of Virginia.

3. Defendant Charles Paret is a resident of the District of Columbia. Upon information and belief, Defendant Paret is the managing member of Co-Defendants 201 Kennedy Street Holdings LLC and Coloma River Holdings LLC.

4. Defendant 201 Kennedy Street Holdings LLC is a limited liability corporation incorporated in the District of Columbia, with a principal place of business at 1120 Congress St NE, Washington, D.C., 20002. The registered agent for Defendant 201 Kennedy Street Holdings LLC is listed as Charles Paret, located at 1140 3rd Street, NE, Second Floor, Washington DC, 20002.

5. Defendant Coloma River Holdings, LLC ("Coloma River") is a limited liability corporation incorporated in the State of Delaware, with a principal place of business at 1120 Congress St NE, Washington, D.C., 20002. The registered agent for Defendant Coloma River Holdings LLC is listed as Chapman Paret, located at 1140 3rd Street, NE, Second Floor, Washington DC, 20002.

## VENUE AND JURISDICTION

6. Subject matter jurisdiction exists as diversity of citizenship exists between the parties and there is a sufficient amount in controversy. *See* 28 U.S.C. § 1332.

7. Venue is proper under 28 U.S.C. § 1391 as the transaction and property in question are located in Washington D.C. and Defendants are subject to personal jurisdiction in this jurisdiction.

8. This Court possesses personal jurisdiction over all the parties, as each party individually has agreed to submit to the jurisdiction of the court in all matters related to the recovery under the promissory note as will be articulated *infra.*

## FACTUAL ALLEGATIONS

9. Coloma River manages development of real properties throughout the Washington, D.C. Area, specializing in urban development. Upon information and belief, Coloma River uses corporations owned and managed by its Partners to hold title to real property to developed by Coloma River and their partner organizations.

10. 201 Kennedy Street Holdings, LLC is an affiliate organization to Coloma River, owning and operating the property located at 201 Kennedy Street NW, Washington, DC, 20011 for the purposes of a development project effectuated in conjunction with Coloma River.

11. Charles Paret serves as the managing partner of Coloma River. *See* Coloma River, *Our People* (available at https://www.colomariver.com/our-people). Upon information and belief, Charles Paret also serves as the managing director of 201 Kennedy Street Holdings, LLC per information publicly available through District of Columbia Government Online Services.

12. All three co-defendants are signatories to the promissory note that is the subject matter of this suit. *See* Promissory Note, Attached as Exhibit A.

### Investment Solicited in October 2019

13. In early October 2019, Andres Irazabal came in contract with representative of Coloma River, David Murnane, regarding a potential investment/loan to finance development of real property in the District of Columbia.

14. Upon information and belief, David Murnane is a partner at Coloma River and involved with its operations, working closely with Coloma River's Managing Partner Charles Paret.

15. In 2019, Coloma River was seeking investors to finance its development of real property located at 201 Kennedy Street ("the Property").

16. In the course of their communications, Coloma River and its agents provided Andres Irazabal with substantial documents related to the Property and the proposed investment. *See* Emails from David Murnane, Attached as Exhibit B.

17. There followed a period discussion and negotiation of the Irazabals' investment in which, upon information and belief, multiple representatives from Coloma River were involved.

18. The parties thereupon reached an agreement in which the Irazabals agreed to wire an amount totaling $115,000 to 201 Kennedy Street Holdings, LLC in exchange for an executed promissory note ("the Note") to be signed by all three co-defendants, Charles Paret, Coloma River, and 201 Kennedy Street Holdings, LLC.

19. To wit, the parties to the Note were as follows: (i) the Irazabals as lenders and holders of the Note and (ii) Charles Paret, Coloma River and 201 Kennedy Street Holdings, LLC as the debtors/borrowers.

20. The borrowers represented to the Irazabals that the cash exchanged for the Note would be used for the development of the Property.

**Defendants Purchase Property and Receive Irazabal Funds
Yet Refuse to Execute Note**

21. On October 17, 2019, the company 201 Kennedy Street Holdings, LLC purchased the Property with the deed recorded with the District of Columbia land records on November 1, 2019. *See* Deed, Attached as Exhibit C.

22. Upon information and belief, the purpose by 201 Kennedy Street Holdings, LLC in purchasing the Property was its development by/through Coloma River and its Partners. *See* Coloma River, Multifamily, (available at https://www.colomariver.com/multifamily)

23. At that same time, the parties finalized the terms of the Note, as evidenced by communications between Andres Irazabal and David Murnane. The communications clearly reference Charles Paret (referred to by David Murnane as "Charlie") as having controlling authority over the negotiation of the Note. *See* Text Message Communications between Andres Irazabal and David Murnane, Attached as Exhibit D.

24. Ultimately, the parties agreed on a loan of $115,000 to be wired to an account owned by 201 Kennedy Street Holdings, LLC. The wire information was provided by Chapman Paret of Coloma River Holdings to David Murnane. *See* Wire Transfer Email, Attached as Exhibit E.

25. On October 25, 2019, Maria Irazabal executed the wire transfer for $115,000 to 201 Kennedy Street Holdings, LLC. Wire Transfer Confirmation, Attached as Exhibit F.

26. Prior to the wire transfer, the Parties finalized a Note which required repayment by January 22, 2020, an estimated three-month period after the execution of the Note. The wire transfer occurred with the assumption that the Note had been signed. *See* Exhibit A.

27. The Note allowed for an extension for an additional 3 months, to April 22, 2020. *Id*.

28. The Note carried a 15% interest on the principal to start accruing on the date that the funds were wired to 201 Kennedy Street Holdings, LLC. *Id*.

29. The Note guarantees a minimum of $17,250 in interest to be paid to the Irazabals for the original 3-month term, and additionally for the subsequent 3-month term. *Id*.

30. The Note has a choice of law clause in which all the parties specifically agreed to submit to personal jurisdiction in the District Court for the District of Columbia, among other courts. *Id*.

31. The Note further allows the Irazabals as the lenders to recover all attorney's fees incurred in any action to recover any amount under the note or to cure a default under the note. *Id*.

### Refusal to Provide an Executed Copy of the Note

32. Despite receiving the funds, the Defendants failed to provide the Irazabals with a signed copy of the Note.

33. The Irazabals attempted multiple times to obtain a signed version of the Note but were only sent an unexecuted version of the note. *See* Email to Andres Irazabal with Attachment, attached as Exhibit G.

34. For example, David Murnane communicated to Andres Irazabal that a signed and executed Note would be provided but it was not. *See* Exhibit D.

35. Throughout all the communications between the parties, the operating assumption was that the Note was in force and effect. At no time did any representative from Coloma River or 201 Kennedy Street Holdings, LLC deny the existence of the debt or of their collective obligation to make payment under the amount due therein. Indeed, for months afterwards, they acted as if the Note were in full force and effect.

### Attempts to Extend the Due Date on the Note

36. The deadlines set forth in the Note stipulated that the full amount, including the interest, would come due on January 22, 2020. *See* Exhibit A.

37. The Borrowers, as was their right under the Note, requested an extension of the payment date until April 22, 2020. *See* Extension Request Communications between David Murnane and Andres Irazabal, Attached as Exhibit H.

38. On May 1, 2020, Andres Irazabal contacted David Murnane regarding payment of the Note which became past due on April 22, 2020. *See* May Communications between David Murnane and Andres Irazabal, Attached as Exhibit I.

39. Due to the COVID-19 Pandemic, Murnane claimed that Coloma River had suffered

substantial losses and needed further extensions on the loan.

40. Throughout the communications of the parties since the note became due, Murnane or other representatives repeatedly delayed and misconstrued the status of the project and subsequent repayment.

41. After subsequent discussions, the parties agreed that an additional $4,000 payment would be made to the Irazabals, exclusive of the principal and the owed interest, as consideration for an extension of payment. *See* Payment Communication between David Murnane and Andres Irazabal, Attached as Exhibit J.

42. On July 9, 2020, Murnane stated that the Defendants were in the process of refinancing the Property so to pay off the principal on the Note.

43. The $4,000 dollar payment was paid to Maria Irazabals Account from the Account belonging to 201 Kennedy Street Holdings, LLC. *See* Exhibit J.

44. On August 4, 2020, Andres Irazabal reached out to David Murnane regarding the pending payment of the principal and the interest. Murnane communicated that Coloma River was in the process of financing a payoff for the group that would allow the facilitation of the all the debts, indicating that it was the top priority of the corporation. *See* Refinance Communications between David Murnane and Andres Irazabal, Attached as Exhibit K.

45. After subsequent updates, Murnane continued indicating that the process of settling the pending debt was delayed, first indicating that closing was set for the end of October 2020 then that the appraisal and refinancing will be completed by the middle of November. *Id*.

46. A further delay was noted by Murnane on November 17, 2020, that a permit was needed before the investors would release the funds. *See* Communications between David Murnane and Andres Irazabal, Attached as Exhibit L.

47. On December 3, 2020, Murnane asked for the wire info of Andres and Maria Irazabal to complete the payment by the year end. No payment was made by the end of year. *See* Communications between David Murnane and Andres Irazabal, Attached as Exhibit M.

48. On December 30, 2020, Murnane indicated the presence of the Note controlling the agreement between the parties – indicating and admitting default under the Note and stating that the payoff numbers grow each and every month. *See* Communications between David Murnane and Andres Irazabal, Attached as Exhibit N.

49. Starting in March 2021, Andres Irazabal communicated with Charles Paret directly regarding the default under the note and the obligation of all of the Defendants to make payment under the note.

50. In a tactical ploy to further delay repayment, Paret indicated that the funds were transferred to his corporation's accounts and he was waiting on HUD approval to pay Irazabal. *See* Communications between Charles Paret and Andres Irazabal, Attached as Exhibit O.

51. On March 23, 2021, Paret indicated that the deal for the Property was planning to close by the end of the week. *See* Communications between Charles Paret and Andres Irazabal, Attached as Exhibit P.

52. Since that date (March 23, 2021), Paret has ignored and failed to respond to all communications by Andres Irazabal.

53. No attempt to effectuate the payment has been made since that time.

54. As of May 19, 2021, the Note has been in default since April 22, 2020, a period of nearly a year. There is no evidence desire to pay it off.

55. At no time has any Defendant refuted the existence of the underlying debt, the binding effect of the Note, or the obligation of the Debtors to repay the principal plus interest. For all

intents and purpose, the Defendants have acted as though the Note were signed.

56. Upon information and belief, a new Deed of Trust, representing the refinancing the outstanding mortgage on the property was filed with the District of Columbia on May 3, 2021.

57. Plaintiffs continue to seek the recovery of the debt, associated with the Property and the future development that is taking place on the Property.

58. Despite the refinancing mentioned in the communication between the parties occurring, no representative from the Co-Defendants has reached out to coordinate payment due under the terms of the note in the amount due to the Irazabals at this time.

## COUNT I- Breach of Contract
## Defendants Charles Paret, Coloma River Holdings LLC, and 201 Kennedy Street Holdings LLC.

59. Plaintiffs incorporates by reference into this Count all of the allegations appearing in paragraphs 1-58.

60. The Plaintiffs and Defendants entered into an agreement in which the Plaintiffs would wire $115,00 dollars to the Defendants in exchange for a return payment in three to six months of the principal plus interest.

61. The terms of the agreement were memorialized in the Note that was distributed between the parties

62. Plaintiffs wired the requested amounts to the Defendants on October 25, 2019.

63. Payment of the principal plus interest became due on April 22, 2020.

64. Payment by the Defendants has not been effectuated.

65. As a result, the Defendants have breached the agreement between the parties by failing the repay the agreed amount in the agreed upon time period.

66. As a direct result of the Defendants' failure to perform their obligations on the agreement,

Plaintiffs have been denied access to the agreed upon amounts and missed out on potential investment opportunities.

WHEREFORE, Plaintiffs are entitled to the recover damages in the amount of $115,000 plus prejudgment interest as laid out in the agreement, attorneys' fees and costs, and such other relief that the court might deem equitable or necessary.

### COUNT II- Unjust Enrichment (alternatively)
### Defendants Charles Paret, Coloma River Holdings LLC, and 201 Kennedy Street Holdings LLC.

67. Plaintiffs incorporates by reference into this Count all of the allegations appearing in paragraphs 1-66.

68. The Plaintiffs and Defendants entered into an agreement in which the Plaintiffs would wire $115,00 dollars to the Defendants in exchange for a return payment in three to six months of the principal plus interest.

69. The communications between the parties indicate the presence of said agreement.

70. Plaintiffs conferred a benefit unto the defendants by wiring $115,000 with the expectation to receive the principal plus interest.

71. Payment of the principal plus interest became due on April 22, 2020.

72. Payment by the Defendants has not been effectuated.

73. As a result, Defendants have become unjustly enriched at the direct expense of the Plaintiffs in the amount $115,000 plus the unpaid interest under the agreement.

WHEREFORE, Plaintiffs are entitled to the recover damages in the amount of $115,000 plus prejudgment interest as laid out in the agreement, attorneys' fees and costs, and such other relief that the court might deem equitable or necessary.

**COUNT III - Fraud – False Promise as to Future Performance – D.C. Code § 22–3221**
**Defendants Charles Paret, Coloma River Holdings LLC, and 201 Kennedy Street Holdings LLC.**

74. Plaintiffs incorporates by reference into this Count all of the allegations appearing in paragraphs 1-73.

75. The Plaintiffs and Defendants entered into an agreement in which the Plaintiffs would wire $115,00 dollars to the Defendants in exchange for a return payment in three to six months of the principal plus interest.

76. Defendants promised Plaintiffs a future performance of repayment of the principal and the interest.

77. Defendants never intended the repayment of the principal or the interest, continually delaying the payment on the note even before the COVID-19 Pandemic.

78. Defendants intended to defraud the Plaintiffs out of $115,000 by promising a large interest payment on a principal termed as a short-term loan.

79. As a result, the Plaintiffs have been damaged in the amount of $115,000 plus interest under the agreement because of the Defendants' fraudulent promise of future performance.

WHEREFORE, Plaintiffs are entitled to the recover damages in the amount of $115,000 plus prejudgment interest as laid out in the agreement, attorneys' fees and costs, and such other relief that the court might deem equitable or necessary.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing Plaintiffs Andres and Maria Irazabal are entitled to the following recovery against Defendants Charles Paret, 201 Kennedy St Holdings LLC, and Coloma River Holdings LLC:

1. Repayment of the Principal of the Note in the amount of $115,000

2. Payment of the interest on the principal of the Note at a rate of 20% per annum between

October 25, 2019 and the date of Judgement in an amount to be determined by the Court.;

3. Attorney's Fees and Costs as guaranteed by the agreement between the parties; and

4. All other relief that this court may deem appropriate and just.

Respectfully Submitted,

_____
J. Chapman Petersen, Esq., DC Bar #448740
Chap Petersen & Associates, PLC
3970 Chain Bridge Road
Fairfax, VA 22030
Telephone 571-459-2512
Facsimile 571-459-2307
jcp@petersenfirm.com
*Counsel for the Plaintiffs*