UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA DEL ROSARIO IRAZABAL, *et. al*,<br>    Plaintiffs,<br>  v.<br>201 KENNEDY STREET HOLDINGS, LLC, *et al.*,<br>    Defendants | Civil Action No. 1:21-cv-1378 |

**MEMORANDUM OPINION AND ORDER**
(September 21, 2022)

Plaintiffs Maria Del Rosario Irazabal ("Maria Irazabal") and Julio Andres Irazabal ("Andres Irazabal") allege that Charles Paxton Paret ("Paret"), Defendant 201 Kennedy Street Holdings, LLC ("201 Kennedy"), and Defendant Coloma River Holdings, LLC ("Coloma") breached the terms of a Promissory Note ("Note") agreement by failing to repay the loan's principal plus interest. Plaintiffs claim that Defendants' default on repayment entitles Plaintiffs to recover the damages agreed upon by both parties in the Note. Pending before the Court is Plaintiffs' [10] Motion for Entry of Default Judgment against Defendants 201 Kennedy and Coloma. Finding the terms of the note enforceable, and upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court **GRANTS** Plaintiffs' [10] Motion for Entry of Default Judgment against Defendants 201 Kennedy and Coloma.

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint, ECF No. 1 ("Compl.").
- Plaintiff's Motion for Entry of Default Judgment, ECF No. 10 ("Mot. Entry Default J.").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

## I.   BACKGROUND

**A. Factual Background**

Plaintiff Maria Irazabal is the mother of co-Plaintiff Andres Irazabal, both residents of the Commonwealth of Virginia.  Compl. ¶¶ 1–2, ECF No. 1.  Paret is a resident of the District of Columbia and is the managing member of Defendants 201 Kennedy and Coloma.  Compl. ¶ 3, ECF No. 1.  Defendants 201 Kennedy and Coloma are limited liability corporations with principal places of business located in Washington, D.C.  Compl. ¶¶ 4–5, ECF No. 1.  In October 2021, Plaintiff Andres Irazabal began communications with David Murnane, a partner at Defendant Coloma, to discuss an investment loan.  Compl. ¶ 13, ECF No. 1.  Following a period of negotiations, Plaintiffs agreed to extend a loan of $115,000 to Defendant 201 Kennedy, in exchange for an executed promissory note signed by all three co-Defendants.  Compl. ¶¶ 17–18, ECF No. 1.  Plaintiffs transferred the $115,000 to Defendant 201 Kennedy on October 25, 2019.  Compl. Ex. F (Oct. 25, 2019 Wells Fargo Wire Transfer) at 33, ECF No. 1-1.

Meanwhile, the parties finalized the terms of the Note, setting a fixed interest rate at 15% of the principal and repayment date of January 22, 2020 (the "Note Maturity Date").  Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 1, ECF No. 1-1.  "Upon an Event of Default," the Note automatically adjusts the interest rate to 20% of the unpaid principal "until all defaults are cured."  Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 2, ECF No. 1-1.  An "Event of Default" transpires upon the occurrence of "a default by Borrower to make any payment of any sum under this Note within five (5) days after such payment is first due and payable."  Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 2–3, ECF No. 1-1.

Plaintiffs concede that the parties never formally executed the Note.  Rather, Plaintiffs argue that, through Defendants' and their agent's conduct, Defendants ratified the terms of the

note. In particular, Plaintiffs point to several messages from David Murnane, Defendants' banker and agent, indicating Paret would sign the Note once they received the funds. *See* Compl. Ex. D (Oct. 23, 2019 Text Messages from Murnane) at 24, ECF No. 1-1. On the Note Maturity Date, Defendants requested an extension to the repayment. Compl. Ex. H (Jan. 22, 2020 Text Messages Requesting Extension) at 38, ECF No. 1-1. Per that clause, repayment then became due on April 22, 2020, the "Extended Maturity Date." Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 2, ECF No. 1-1. To date, Defendants have never repaid Plaintiffs for the principal or the interest stipulated in the Note.

### B. Procedural History

Plaintiff filed the Complaint in this action on May 19, 2021. Compl., ECF No. 1. On September 10, 2021, Plaintiffs filed proof of service as to Defendant 201 Kennedy and Defendant Coloma, administered by the District of Columbia's Department of Consumer and Regulatory Affairs, Corporate Division ("DCRA"). After twice failing to effect proper service upon Paret, Plaintiffs voluntarily moved to dismiss him from the matter. Notice Vol. Dismissal Without Prej. as to Charles Paxton Paret, ECF No. 16. As such, Plaintiffs now seek to recover only against the two remaining corporate defendants.

After Defendants failed to respond or otherwise participate in this case, the Clerk of the Court entered a default against Defendants 201 Kennedy and Coloma. *See* Default, ECF No. 9. Plaintiff then filed the pending Motion for Entry of Default Judgment. With that motion fully briefed, the Court turns to its resolution.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend." Fed. R. Civ. P. 55(a).  Default judgments "safeguard plaintiffs 'when the adversary process has been halted because of an essentially unresponsive party.'" *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  "In ordinary civil litigation, '[t]he determination of whether a default judgment is appropriate is committed to the discretion of the trial court.'" *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 20–21 (D.D.C. 2019) (alteration in original) (quoting *Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 150 (D.D.C. 2011)).  If appropriate, "[t]he court has considerable latitude in determining the amount of damages." *Directv, Inc. v. Agee*, 405 F. Supp. 2d 6, 9 (D.D.C. 2005). Even so, "entry of a default judgment is not automatic." *Mwani*, 417 F.3d at 6. "A plaintiff seeking default judgment must persuade the trial court that subject-matter jurisdiction and personal jurisdiction over the defendant are satisfied." *Karcher*, 396 F. Supp. 3d at 21 (citing *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22, 33 (D.D.C. 2016)).

### III.  DISCUSSION

After assuring itself of jurisdiction, the Court grants judgment as to Defendants' liability, awarding compensatory and liquidated damages and attorney's fees.

**A. Jurisdiction**

The Court concludes it has subject-matter jurisdiction over this action under 28 U.S.C. §1332 (2018).  Plaintiffs Maria Irazabal and Andres Irazabal reside in the Commonwealth of Virginia whereas Defendants 201 Kennedy and Coloma each maintain their principal place of business in the District of Columbia.  Compl. ¶¶ 1–5, ECF No. 1.  Plaintiffs request judgment in their favor to recover repayment of the "Principal of the Note in the amount of $115,000," prejudgment interest, and "[a]ttorney's [f]ees and [c]osts as guaranteed" by the Note.  *See* Compl. 11–12, ECF No. 1.  Construing the factual allegations in the Complaint as true, the Court

finds in this case a diversity of citizenship between parties and a satisfactory amount in controversy, sustaining subject-matter jurisdiction in this Court. *See* 28 U.S.C. § 1332(a)–(c)(1).

The Court finds it has personal jurisdiction over this case because Plaintiffs properly served Defendants 201 Kennedy and Coloma according to Federal Rule of Civil Procedure 4. This rule provides that for service upon corporations, a plaintiff may "follow[] state law for serving a summons in an action brought . . . in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). As Plaintiffs demonstrated in their Affidavit in Support of Default, Plaintiffs served Defendants 201 Kennedy and Coloma through the DCRA, providing effective service of summons under District of Columbia law. *See* Aff. Supp. Default, ECF No. 8; D.C. Code § 29-104.12(d) (West) (allowing service of entities through the Mayor's office). As such, this Court has jurisdiction to proceed to the merits.

### B. Breach of Contract

Plaintiffs first request $115,000 in damages for breach of the Note's terms.[2]   Before granting default judgment as to the principal, the Court must first address the threshold question of the Note's enforceability. As noted above, Plaintiffs concede that the parties never formally executed the agreement. Nevertheless, Plaintiffs argue that Defendants bound themselves to the terms of the Note through subsequent conduct. The Court agrees.

In the District of Columbia, "[t]raditional notions of contract formation tell us that 'for an enforceable contract to exist, there must be both (1) agreement as to all material terms, and (2) intention of the parties to be bound.'" *SJ Enters., LLC v. Quander*, 207 A.3d 1179, 1183 (D.C. 2019) (citing *Kramer Assocs., Inc. v. Ikam, Ltd.*, 888 A.2d 247, 251 (D.C. 2005)). "Unless the

---

[2] Plaintiffs request in the alternative that the Court award them the $115,000 under a theory of Defendants' unjust enrichment. Mem. Supp. Pls.' Mot. Entry Default J. 7–8, ECF No. 10-1. Granting relief on Plaintiffs' primary cause of action, the Court goes no further.

statute of frauds requires otherwise," an oral agreement as to the material terms constitute a validly binding contract "if it meets the dual requirements of intent and completeness," indicating a meeting of the minds. *See Kramer Assocs., Inc.*, 888 A.2d at 252 (citing *Jack Baker, Inc. v. Off. Space Dev. Corp.*, 664 A.2d 1236, 1238 (D.C. 1995)). The party asserting the existence of a contract has the burden of proving such contract existed. *See id.* at 251.

The Note's existence is clear, and such an agreement is not subject to the District of Columbia Statute of Frauds governing commercial transactions. *See generally* D.C. Code § 28-3501–05 (West) (statute of frauds governing commercial instruments). Plaintiffs have satisfied their burden of proving the existence of a contract, the terms of which Defendants breached by failing to repay the money loaned to them by Plaintiffs. In the Note, Defendants 201 Kennedy and Coloma promised to pay Plaintiffs the principal of the $115,000 loan plus interest on or before January 22, 2020, the Note Maturity Date. Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 1–2, ECF No. 1-1. On October 25, 2019, Plaintiff Maria Irazabal wire transferred $115,000 to Defendant 201 Kennedy. *See* Compl. Ex. F (Oct. 25, 2019 Wells Fargo Wire Transfer) at 33, ECF No. 1-1.

On the Note Maturity Date and in accordance with clause two of the Note, Murnane requested to extend their repayment because "one of [their] partners is securing financing." Compl. Ex. H (Jan. 22, 2020 Text Messages Requesting Extension) at 38, ECF No. 1-1. When Plaintiff Andres Irazabal further inquired about repayment on May 28, 2020, Murnane assured him that Plaintiff Maria Irazabal is "not going to lose her money, it's guaranteed by *the note*." Compl. Ex. H (May 28, 2020 Text Messages Affirming Note) at 54–55, ECF No. 1-1 (emphasis added). Although Defendants never properly executed the Note, their subsequent recognition of and adherence to the terms demonstrated an intent to be bound. *See Duffy v. Duffy*, 881 A.2d

630, 637 (D.C. 2005) ("[A]ppelant's actions demonstrated his intent to be bound by the terms set forth in the Letter because for the following year and a half he abided by them."). Considering Defendants' actions and correspondence with Plaintiffs, the Court is convinced Defendants intended to enter into a contract with Plaintiffs, which they then breached by failing to adhere to the repayment terms of the Note.

### C. Awards

*First*, under Count I for Defendants' breach of contract, Plaintiffs seek to recover "[r]epayment of the Principal of the Note in the amount of $115,000" resulting from Defendants' failure to perform their contractual obligations. Compl. 11, ECF No. 1. In ascertaining damages for a breach of contract, "the measure of damages that a court must apply is 'the amount necessary to place the non-breaching party in the same position he or she would have been in had the contract been performed.'" *Mashack v. Superior Mgmt. Servs., Inc.*, 806 A.2d 1239, 1241 (D.C. 2002) (citing *Rowan Heating–Air Conditioning–Sheet Metal v. Williams*, 580 A.2d 583, 585 (D.C.1990)). "Although a plaintiff need not prove damages 'with mathematical certainty,' he must provide 'some reasonable basis on which to estimate damages.'" *Klayman v. Jud. Watch, Inc.*, 255 F. Supp. 3d 161, 167 (D.D.C. 2017) (citing *Garcia v. Llerena*, 599 A.2d 1138, 1142 (D.C. 1991)).

As to the principal, the calculation could not be more straightforward. The Note delineates a principal sum of $115,000. Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 1, ECF No. 1-1. Accordingly, the Court grants Plaintiffs' request and will award breach of contract damages in the amount of $115,000.

*Second*, in addition to the principal loan amount, Plaintiffs seek "[p]ayment of the interest on the principal of the Note at a rate of 20% per annum . . . in an amount to be determined by the

Court." Compl. 11–12, ECF No. 1.  Under District of Columbia law, in an action "to recover a liquidated debt on which interest is payable by contract . . . the judgment for the plaintiff shall include the interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid." D.C. Code § 15-108 (2022).  For the purposes of this provision, "[a] liquidated debt is one which[,] at the time it arose[,] . . . was an easily ascertainable sum certain." *Steuart Inv. Co. v. The Meyer Group, Ltd.*, 61 A.3d 1227, 1240 (D.C. 2013) (quoting *District of Columbia v. Pierce Assoc., Inc.*, 527 A.2d 306, 311 (D.C. 1987)).

Pursuant to the terms of the Note and D.C. Code §15-108, the Court finds Plaintiffs are entitled to prejudgment interest on the $115,000 liquidated debt.  The first clause of the Note specifies the interest will be calculated at a fixed rate of 15% per annum, "calculated on the basis of a year of three hundred sixty (360) days." Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 1, ECF No. 1-1.  Pursuant to clause three, "Upon an Event of Default," the interest rate "shall be adjusted[,] without notice[,] to five percent (5%) above the rate in effect at the time of default." Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 2, ECF No. 1-1.  Therefore, from October 25, 2019, the date Plaintiffs transferred the principal to Defendants, until April 27, 2020, the "Event of Default," the Court shall calculate the interest rate on the principal at 15%.  *See* Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 1–3, ECF No. 1-1.  From April 27, 2020, through the day of this Order, the interest will be fixed at a rate of 20% per annum.  Compl. Ex. A (Oct. 22, 2019 Promissory Note) at 2, ECF No. 1-1.  Accordingly, the Court awards Plaintiffs the foregoing amount in prejudgment interest.

*Third*, Plaintiffs request "[a]ttorney's [f]ees and [c]osts as guaranteed by the agreement between the parties." Compl. 12, ECF No. 1.  The District of Columbia follows "the American

Rule under which . . . every party to a case shoulders its own attorneys' fees, and recovers from other litigants only in the presence of statutory authority, a contractual arrangement, or certain narrowly-defined common law exceptions . . . ." *Azzam v. Rightway Dev. Inc.*, 789 F. Supp. 2d 110, 119 (D.D.C. 2011) (citing *Coulter v. Gerald Fam. Care, P.C.*, 964 A.2d 170, 204 (D.C. 2009)). Here, the "parties to [the] contract have an agreement" governing attorney's fees, which the Court must give effect. *James G. Davis Constr. Corp. v. HRGM Corp.*, 147 A.3d 332, 337 (D.C. 2016) (citation omitted).

The Court finds that attorney's fees are appropriate in this case. The Note provides that if an action is brought by any party, the lender may "collect all reasonable costs and expenses, including but not limited to, attorney's fees of not less than Fifteen percent (15.00%) of the outstanding balance of the Note." Compl. Ex A (Oct. 22, 2019 Promissory Note) at 3, ECF No. 1-1. In their Motion for Entry of Default Judgment, Plaintiffs provided the Court with an itemized billable activity log demonstrating total attorney's costs as $14,263.81. Mot. Entry Default J. Ex. B (Affidavit for Attorney Fees), ECF No. 10-2. The Court finds no issue with the reasonable attorney's fees Plaintiffs incurred throughout this litigation. Accordingly, the Court awards Plaintiffs $14,263.81 in attorney's fees.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Plaintiffs' [10] Motion for Entry of Default Judgment is **GRANTED**. It is further

**ORDERED**, that default judgment is hereby entered on behalf of Plaintiffs on Count I of

Plaintiffs' complaint.  The Court awards money damages as to the $115,000 principal loan, prejudgment interest, and attorney's fees as described above.

    **SO ORDERED**.


Date: September 21, 2022                                                                                     /s/
                                                                                        COLLEN KOLLAR-KOTELLY
                                                                                        United States District Judge